# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MELVIN LEROY TYLER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:24CV329 SPM |
| SHERIE L. KORNEMAN, | ) ) ) |
| Respondent. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon a petition and amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by state-court prisoner Melvin Tyler. ECF Nos. 1 & 6. Petitioner Tyler also filed a motion and amended motion to proceed *in forma pauperis*. ECF Nos. 2 & 4. Based on the motions and financial information submitted in support, the Court finds that Petitioner is unable to pay the filing fee in this matter. The amended motion to proceed *in forma pauperis* will be granted and the filing fee will be waived. Furthermore, because the Court finds that this § 2254 habeas case is successive and Petitioner has not obtained permission from the Eighth Circuit Court of Appeals to file a second or successive petition, the petition and amended petition will be denied and dismissed. *See* 28 U.S.C. § 2244(b)(3)(A).

## Background

Petitioner is currently incarcerated at the Crossroads Correctional Center in Cameron, Missouri. Petitioner has two relevant state-court convictions in his past. First, in 1977, Petitioner was convicted on charges of first-degree robbery, rape, kidnapping, and armed criminal action in Platte County Circuit Court. *See State v. Tyler*, 587 S.W.2d 918, 922 (Mo. Ct. App. 1979) (hereinafter "1977 Platte County conviction"). His conviction was affirmed on direct appeal. *Id.*

at 934.  He filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed for failure to exhaust state remedies.  *See Tyler v. Wyrick*, 730 F.2d 1209, 1210 (8th Cir. 1984).  The dismissal of his habeas petition was affirmed on appeal.  *Id.* at 1211.

Petitioner unsuccessfully pursued postconviction remedies in state court concerning his 1977 Platte County conviction.  *See Tyler v. State*, 794 S.W.2d 252 (Mo. Ct. App. 1990); *Tyler v. State*, 941 S.W.2d 856 (Mo. Ct. App. 1997); *Tyler v. State*, 994 S.W.2d 50 (Mo. Ct. App. 1999); and *Tyler v. State*, 348 S.W.3d 149 (Mo. Ct. App. 2011).  However, in 2000, the en banc Eighth Circuit Court granted Petitioner a certificate of appealability on a question regarding the existence of certain evidence and directed the district court to hold an evidentiary hearing.  *Tyler v. Purkett*, No. 00-1432 (8th Cir. June 20, 2000).  After the hearing, the district court found no relevant evidence existed and the Eighth Circuit affirmed, finding no basis on which to grant habeas relief.  *Tyler v. Purkett*, 413 F.3d 696 (8th Cir. 2005).

Second, Petitioner was also convicted in state court in 1978 on two counts of first-degree robbery by means of a deadly weapon, two counts of assault with intent to commit rape without malice aforethought, and armed criminal action.  *State v. Tyler*, 622 S.W.2d 379, 382 (Mo. Ct. App. 1981) (hereinafter "1978 City of St. Louis conviction").  Petitioner was sentenced to fifty years on each robbery count, five years on each assault count, and fifty years for the armed criminal action count.  All terms were ordered to be served consecutively.  *Id.*  Later, the Missouri Court of Appeals reversed Tyler's armed criminal action conviction based on double jeopardy.  *Id.* at 387.  The judgment was affirmed in all other respects.  *Id.*

Petitioner attempted to challenge his 1978 City of St. Louis conviction in various ways.  He unsuccessfully sought postconviction relief in state court.  *See Tyler v. State*, 18 S.W.3d 117 (Mo. Ct. App. 2000); *State v. Tyler*, 103 S.W.3d 245 (Mo. Ct. App. 2003); *Tyler v. State*, 111

S.W.3d 495 (Mo. Ct. App. 2003); *Tyler v. State*, 229 S.W.3d 103 (Mo. Ct. App. 2007); and *Tyler v. State*, 292 S.W.3d 338 (Mo. Ct. App. 2009). He filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the district court denied. *See Tyler v. Armontrout*, 917 F.2d 1138 (8th Cir. 1990). The Court of Appeals subsequently affirmed the denial in all respects. *Id.* at 1143. Finally, Petitioner made other attempts to seek habeas relief in federal court, all to no avail. *See Tyler v. Purkett*, 26 F.3d 127, 1994 WL 281821 (8th Cir. 1994) (unpublished opinion) (noting that the § 2254 petition at issue was "not the first habeas petition filed by [Tyler] for the purpose of challenging these convictions … It is either the fifth or sixth such petition"); *Tyler v. Crawford*, No. 4:08-cv-116-MLM (E.D. Mo. 2008) (Petitioner and three others' joint § 2254 petition was denied and dismissed as an unauthorized successive petition), *certificate denied on appeal*, No. 08-2323 (8th Cir. 2008); *Morales v. Ramey*, No. 4:19-cv-1791-CDP (E.D. Mo. 2019) (Petitioner and other's joint § 2254 petition denied and dismissed as an unauthorized successive petition), *certificate denied on appeal*, No. 19-3456 (8th Cir. 2019); *Tyler v. Ramey*, No. 4:20-cv-787-PLC (E.D. Mo. 2000) (same).

### Instant § 2254 Petition and Amended Petition

In the § 2254 petition and amended petition currently before the Court, Petitioner challenges both his 1977 Platte County conviction and his 1978 City of St. Louis conviction. ECF Nos. 1 at 1; 6 at 1. In his original petition, he raises four (4) grounds on which he challenges his convictions. First, Petitioner asserts a "liberty interest" violation based on his parole being rescinded due to his refusal to confess to the crimes he was convicted of and due to "public opposition." ECF No. 1 at 5. Second, Petitioner alleges that a judge and state attorney general conspired to allow an incorrect judgment to be filed and issued. *Id.* at 6. Third, Petitioner claims his due process was violated when a judge and state attorney general conspired in falsifying

records, prevented Petitioner's access to discovery, and held ex parte hearings. *Id.* at 8. Fourth, Petitioner states that multiple state employees violated Missouri law when they maliciously delayed his prison release based on his lack of confession. *Id.* at 9. Overall, Petitioner asserts that he "was framed" and that someone else confessed to the crimes for which he was convicted. *Id.* at 11.

Petitioner filed his amended § 2254 petition approximately six (6) weeks after initiating this suit. ECF No. 6. In his amended petition, Petitioner challenges the same convictions but his arguments for relief pertain to being denied parole in 1994. *Id.* at 1 & 4. According to Petitioner, he was told in 1989 that he would be released on parole in 1994 but his parole was "illegally" and "unconstitutionally" rescinded in violation of *Shields* and *Williams*.[1] *Id.* at 4-5. Petitioner argues that his parole was rescinded without notice, a hearing, or a valid reason by the Missouri Board of Probation and Parole. He further alleges that the Missouri Attorney General committed prosecutorial misconduct when he "covered [] up" the truth about his parole revocation. *Id.* at 4-6. Although not entirely clear from the pleadings, it appears that Petitioner is arguing that the Board of Parole unconstitutionally considered public protests in opposition to Petitioner's parole, in their decision to revoke his parole. *Id.* at 7.

Petitioner attached seventy-four (74) pages of documents to his amended petition. *See* ECF No. 6-1. Most of the pages are incredibly difficult to read as the handwriting is illegible. *Id.* at 1-10. Petitioner seems to be alleging his innocence, listing his accomplishments, and discussing his

---

[1] Petitioner provides no case citations but he appears to be referring to *State ex rel. Shields v. Purkett*, 878 S.W.2d 42, 48 (Mo. 1994), where the Missouri Supreme Court held that the Missouri Board of Probation and Parole should apply the parole statutes and regulations in effect at the time of an offense when making parole decisions, and *Williams v. Mo. Bd. of Probation & Parole*, 661 F.2d 697, 699 (8th Cir 1981), where the Eighth Circuit Court of Appeals held that the mandatory language of the old Missouri parole statute create a liberty interest in parole once the statutory requirements have been met.

poor health.  *Id.*  Petitioner also included many pages of court documents from his state court convictions and subsequent litigation involving them.  *Id.* at 12-74.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.  A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) ... to the filing of a second or successive habeas petition").

Here, it is hard to discern exactly what grounds Petitioner is raising and whether they are new or repetitive claims.  Regardless, as noted above, Petitioner has filed numerous prior petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to challenge the convictions he challenges in the instant petition and amended petition.  As such, it plainly appears that Petitioner is not entitled to relief because his petition and amended petition are second or successive applications.  To the extent Petitioner seeks to relitigate claims that he brought in a prior petition that was denied on the merits, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1).  To the extent that Petitioner seeks to bring new claims for habeas relief, Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court.  28 U.S.C. § 2244(b)(3)(A).  There is no evidence in the record that Petitioner has sought

or received such permission.  Because Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals, this petition and amended petition must be denied and dismissed as successive.  *Boyd*, 304 F.3d at 814 (stating that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals).

In addition, Petitioner has filed numerous other motions in this case including a "Motion for Leave to File Supplement Petition," a "Motion to File," and a Motion for Appointment of Counsel.  ECF Nos. 3, 4 & 8.  Although difficult to decipher due to mostly unreadable handwriting, in his "Motion for Leave to File Supplement Petition," Petitioner appears to allege that he is suffering "malice, egregious mental and physical elder abuse" while incarcerated.  ECF No. 3 at 1.  In his "Motion to File," he asks that this case be filed "as is," stating that he is extremely sick, he is eighty (80) years old, and his health is poor.  ECF No. 4 at 1.  Finally, his motion for appointment of counsel seeks attorney representation.  ECF No. 7.  These motions will be denied as moot since the case is being dismissed.[2]

Finally, the Court has considered whether to issue a certificate of appealability.  In order to do so, the Court must find a substantial showing of the denial of a federal right.  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Petitioner herein has made no such showing.  Therefore, the Court will not issue a certificate of appealability.

---

[2] The Court acknowledges that many of the claims raised by Petitioner in these motions (*i.e.*, the conditions-of-confinement claims) and in his amended petition (*i.e.*, the claim regarding the extension of his parole release date) are not properly brought in a § 2254 petition because they challenge the manner in which Petitioner's sentence is being executed, instead of challenging the validity of his confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  However, the Court also realizes that Petitioner has been recognized as having three strikes under 28 U.S.C. § 1215(g) by the Eighth Circuit Court of Appeals and therefore, his ability to bring § 1983 complaints without paying the full filing fee is restricted.  *See In re Tyler*, 110 F.3d 528 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's amended motion for leave to proceed *in forma pauperis* [ECF No. 7] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Petitioner's first motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Petition and Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2254 [ECF Nos. 1 & 6] are **DENIED and DISMISSED as successive**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Supplement Petition [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Case to be Filed ASAP [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Motion for Appointment of Counsel [ECF No. 8] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  21st day of May, 2024.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE